13-3010-cr (L)
United States v. Bajana, Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand fifteen.

PRESENT:  GERARD E. LYNCH,
              DENNY CHIN,
                      *Circuit Judges,*
              EDWARD R. KORMAN,
                      *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                   Nos.  13-3010-cr
                                              13-4225-cr

NATHANIEL JOHNSON, AKA Sealed Defendant 17, AKA Sex Money,

        *Defendant - Appellant*,

ALBERTO BAJANA, AKA Sealed Defendant 12,

        *Defendant - Appellant*,

JUAN FERNANDEZ, AKA Tito, RAMON MORALES, AKA Sealed Defendant 2, AKA

_____

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Seven, ODELL SCARBOROUGH, AKA Sealed Defendant 3, YEMALIA AYALA, AKA Sealed Defendant 4, AKA Maggie, ANGEL ALICEA, AKA Sealed Defendant 5, EMMANUEL MILLER, AKA Sealed Defendant 6, AKA Man, ROBERT RIVERA, AKA Sealed Defendant 7, AKA Little Tito, EUGENE MILLER, AKA Sealed Defendant 8, AKA Gene, EDWARD BROWN, AKA Sealed Defendant 10, AKA Ed, JAMES MILLER, AKA Sealed Defendant 11, AKA Popeye, MIGUEL OTERO, AKA Sealed Defendant 13, AKA Buddah, BRYAN CUMMINGS, AKA Sealed Defendant 14, AKA Dirt, JOSE VALDEZ, AKA Sealed Defendant 15, AKA Gordo, AKA Fat Man, DENNIS SANDERS, AKA Sealed Defendant 16, KRISTOPHER MEADE, AKA Sealed Defendant 18, AKA Kristopher Beade, ROLANDO MONTES, AKA Sealed Defendant 19, AKA Tes, RICKY WALKER, AKA Sealed Defendant 20, LAMONT ROBINSON, AKA Sealed Defendant 10, AKA Slappy, AKA Snow,

*Defendants.*

_____

| | |
|---|---|
| FOR APPELLEE: | BRIAN A. JACOBS, Assistant United States Attorney (Ryan P. Poscablo, Assistant United States Attorney, of counsel), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT BAJANA: | SAM A. SCHMIDT, Law Office of Sam A. Schmidt, New York, New York. |
| FOR DEFENDANT-APPELLANT JOHNSON: | Andrew H. Freifeld, Law Office of Andrew H. Freifeld, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that appellant Johnson's appeal is **DISMISSED** insofar as he challenges his sentence to prison and supervised release, and the judgments of the District Court are otherwise **AFFIRMED**.

2

Defendants-Appellants Alberto Bajana and Nathaniel Johnson appeal from judgments of the United States District Court for the Southern District of New York. Bajana and Johnson were charged, along with eighteen other co-defendants, with offenses including conspiracy to violate the narcotics laws of the United States, in violation of 21 U.S.C. § 846. Count One charged all defendants, including Bajana and Johnson, with conspiracy to distribute, and to possess with intent to distribute, crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); cocaine, in violation of 21 U.S.C. § 841(b)(1)(C); marijuana, in violation of 21 U.S.C. § 841(b)(1)(D); 3-4-Methylenedioxymethamphetamine ("MDMA" or "ecstasy"), in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C); and oxycodone, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Neither Bajana nor Johnson was named in Count Two, which charged six other defendants with possession of firearms in connection with Count One.

Johnson pled guilty, pursuant to a plea agreement, to the lesser-included offense of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). He now seeks to appeal both his conviction and his sentence. Bajana waived his right to a jury trial and elected a bench trial, at the conclusion of which the district court found him guilty of conspiracy to distribute only marijuana and MDMA, not the other drugs listed in Count One. Bajana challenges his sentence as procedurally unreasonable. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

I.  Johnson

Johnson stipulated in his plea agreement to a Guidelines range of 24-30 months' imprisonment; the district court sentenced him to 24 months.  Johnson's counsel has moved to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-frivolous arguments to raise on appeal, either with respect to Johnson's conviction or his sentence.  The government moves to dismiss his appeal of his sentence based on a provision in his plea agreement waiving his right to appeal any prison sentence within the stipulated Guidelines range or term of supervised release that is less than or equal to the statutory maximum.  The government requests that the Court dismiss the appeal of Johnson's sentence in light of the appeal waiver, or, in the alternative, that the judgment of conviction be summarily affirmed due to the absence of non-frivolous bases for appeal.

We have reviewed the record and counsel's *Anders* brief, and we agree that there are no non-frivolous issues to be raised on Johnson's behalf, with respect to his conviction or the special assessment imposed as part of his sentence (which are not covered by the appeal waiver).  Accordingly, his counsel's *Anders* motion, the government's motion to dismiss his appeal of the terms of his sentence covered by his appeal waiver, and the government's motion for summary affirmance are **GRANTED**, the appeal is **DISMISSED** as it relates to the terms of imprisonment and supervised release, and the judgment of conviction is otherwise **AFFIRMED**.

II. Bajana

Bajana argues on appeal that the district court erred in: (1) applying an enhancement for obstruction of justice in calculating his Guidelines range; and (2) its calculation of drug quantity attributable to him. He argues that his sentence was therefore procedurally unreasonable.

Procedural error in sentencing occurs where a district court "fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal citations omitted). We therefore review the factual findings based on which the district court has determined the Guidelines range for clear error, which occurs when "although there is evidence to support [the court's finding], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted). A district court must find disputed facts relevant to sentencing by a preponderance of the evidence. *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005).

Bajana argues that the testimony that formed the basis for the district court's imposition of the obstruction enhancement was not material to the proceeding in which it was elicited, as it must be in order for an obstruction of justice enhancement to apply, *see United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997), but was instead material, at

5

most, only to a separate proceeding (as Bajana would have us characterize his sentencing proceeding). We need not decide whether the enhancement was appropriate here, because any error committed by the district court was harmless. In imposing sentence, the district judge explicitly stated that he would have imposed the same sentence even if he had not found that an enhancement was warranted, because his sentence was based on his assessment of the statutory sentencing factors, including Bajana's culpability and role in the offense as a whole, his relative culpability as compared to other defendants, and "a sense of who Mr. Bajana is," based on the record before the court.

We find no clear error in the district court's calculation of the quantity of MDMA attributable to Bajana for sentencing purposes. The district court based its calculations on testimony from a cooperator, which it was entitled to credit; on evidence from wire intercepts; on the drug quantity data presented by both parties that it judged most reliable; and on its finding as to what criminal activity Bajana jointly undertook as part of his agreement to participate in the conspiracy. On the record before us, we see no basis for disturbing the district court's findings. Because we conclude that the district court did not clearly err in calculating Bajana's Guidelines range and that the sentence imposed was not procedurally unreasonable, we **AFFIRM** the judgment of conviction as to Bajana.

For the foregoing reasons, Johnson's appeal is **DISMISSED** insofar as it challenges his sentence of imprisonment and supervised release, and the judgments of the District Court are otherwise **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court